IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

                          Plaintiff,

v.

RENEE SCHULER, MICHAEL DITTMANN,
MAUREEN WHITE, ANGELICA FOX, TERESA GAIER,
SHANE HINTON, JOSHUA CRAFT and JOHN DOE NURSES 1-3,

                          Defendants.

ORDER

18-cv-1018-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Leighton D. Lindsey filed this action under 42 U.S.C. § 1983, contending that prison staff at the Columbia Correctional Institution repeatedly delayed providing him medical treatment for an abscess under his chin. On February 21, 2019, I screened his complaint and concluded that he could proceed with Eighth Amendment claims against defendants Joshua Craft, Shane Hinton, Teresa Gaier, Angelica Fox, Maureen White and Renee Schuler. However, I concluded that plaintiff did not state any claim against several other defendants, including Warden Michael Dittmann, so I dismissed those defendants from the case. Now plaintiff has filed a proposed amended complaint, in which he repeats his allegations relating to defendants Craft, Hinton, Gaier, Fox, White and Schuler, and adds additional allegations against Michael Dittmann and three John Doe nurses. Dkt. #11.

      I will grant plaintiff's motion to amend his complaint. Because plaintiff's allegations relating to defendants Craft, Hinton, Gaier, Fox, White and Schuler are nearly identical to

1

those in his original complaint, plaintiff may proceed with his Eighth Amendment claims against those defendants for the reasons stated in the initial screening order. Dkt. #10. Plaintiff may also proceed on Eighth Amendment claims against the John Doe nurses and Dittmann. With respect to the John Doe nurses, plaintiff says they failed to bring him to his scheduled appointments on July 13, 2017, July 17, 2019, and May 18, 2017, despite knowing he had a painful abscess that required treatment. As a result, plaintiff's treatment was delayed and he had to suffer in pain unnecessarily. These allegations suggest that the Doe nurses may have been deliberately indifferent to plaintiff's serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). I will set a deadline by which plaintiff must use the discovery process to identify the Doe defendants.

As for Dittmann, I concluded previously that plaintiff's allegations did not suggest that Dittman had control over the delays in medical care at the prison, had approved of the delays in medical care, or should be held personally responsible for any of the delays that affected plaintiff in particular. Dkt. #10 at 7 (citing Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (supervisor liable under 42 U.S.C. § 1983 only if he or she is "personally responsible for the deprivation of the constitutional right"). In his amended complaint, plaintiff alleges that Dittmann was notified on multiple occasions that plaintiff was being denied treatment for his abscess. Plaintiff also alleges that Dittmann received information from inmates and the inmate complaint examiner that the health services unit was repeatedly failing to provide adequate healthcare to inmates. Finally, plaintiff alleges that Dittmann was in the position to require policy or personnel changes in the health

2

services unit but failed to take any steps to address the problems. These allegations suggest that Dittmann knew plaintiff was being denied adequate medical treatment and could have intervened to ensure that plaintiff received the treatment he needed, but that he failed to do so. Therefore, I conclude that plaintiff has stated an Eighth Amendment claim against Dittmann.

ORDER

IT IS ORDERED that

1. Plaintiff Leighton D. Lindsey's motion for leave to file an amended complaint, Dkt. 11, is GRANTED.

2. Plaintiff is GRANTED leave to proceed on his Eighth Amendment claim that defendants Joshua Craft, Shane Hinton, Teresa Gaier, Angelica Fox, Maureen White, Renee Schuler, Michael Dittmann and John Doe Nurses 1-3 acted with deliberate indifference by failing to provide him adequate and timely care for the abscess on his chin.

3. Plaintiff is DENIED leave to proceed on any other claim.

4. Plaintiff may have until June 27, 2019 to complete service of his discovery requests aimed at identifying defendants John Doe Nurses 1-3. Plaintiff may have until August 8, 2019 to submit a supplement to the complaint, naming the Doe defendants.

Entered this 17th day of June, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge