IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
-LEIGHTON D. LINDSEY,

                                                                                  OPINION AND ORDER

                Plaintiff,

                                                                                     18-cv-1018-bbc

    v.

RENEE SCHULER, MICHAEL DITTMANN,
MAUREEN WHITE, ANGELICA FOX,
TERESA GAIER, SHANE HINTON,
JOSHUA CRAFT AND JOHN DOE NURSES 1-3,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
-

       Pro se plaintiff Leighton D. Lindsey is proceeding on claims that prison staff at the Columbia Correctional Institution repeatedly delayed providing him adequate medical treatment for an abscess under his chin. Plaintiff has filed several motions that are now before the court.

       First, plaintiff filed a motion to compel responses to his first set of discovery requests. Dkt. #37. He contends that defendants failed to send responses to his interrogatories and requests for admissions that were aimed at discovering the names of the Doe nurses. After plaintiff filed his motion, defendants provided responses to plaintiff's discovery requests. Plaintiff concedes that his motion to compel is moot, so I will deny the motion.

       Although plaintiff agrees that his motion to compel is moot, he filed a motion requesting monetary sanctions for defendants' delay in providing the discovery responses, dkt. #39, and motions to extend the discovery cutoff date due to defendants' delay. Dkt.

1

#47 and #64. I will deny these motions as well. Plaintiff has not showed that defendants intentionally delayed in responding to his discovery requests. Defendants submitted a declaration from a paralegal at the Department of Justice, explaining that defendants acted promptly in responding to plaintiff's discovery requests as soon as they received plaintiff's medical authorization form. Dkt. #49. In addition, plaintiff has not shown that he was prejudiced by any delay in receiving the responses. As for his request to extend the discovery cutoff date, that motion is unnecessary. The discovery cutoff is not until May 29, 2020.

Plaintiff's next set of motions concern the law library in the segregation unit. Plaintiff filed a motion requesting that prison staff change the handcuffing procedures for access to the segregation law library computer. Dkt. #40. He says that prisoners are handcuffed and tethered to a chair in the library, making it impossible for him to use the computer mouse. He asks that the court order that his right hand be uncuffed so he can reach the mouse at the computer. He also filed a motion complaining that the law library was updated recently so that all legal materials are now online. Plaintiff says that he has had difficulty finding legal materials because he is not computer literate and does not know how to use Lexis Nexis Advance. He asks that the court order prison staff to put legal books back into the law library. Dkt. #42.

I will deny both of these motions at this time. Plaintiff's motion concerning his ability to use the computer mouse is undermined by his second motion stating that he has attempted to use the library's computer to find cases but cannot navigate Lexis Nexis. Plaintiff does not explain how he is using the computer if he cannot reach the mouse. As for his complaint about not having legal books in the library, plaintiff has not shown that his lack of access to books has impeded his ability to litigate this case. Prisoners have a

constitutional right of meaningful access to the courts, so prison authorities must provide adequate law libraries or assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 812, 823 (1977). In this instance, however, plaintiff has not shown that the segregation law library is inadequate. He has stated that he does not know how to use the computer system, but he does not say whether there is someone who can teach him how to use it. It is also likely that plaintiff will learn how to use the new system with practice. Moreover, plaintiff has not explained what legal materials in particular he needs to litigate this case at this time. Defendants have not yet filed a motion for summary judgment, so plaintiff has no current court deadlines. Plaintiff's focus now should be on obtaining the factual evidence he needs to prove his claims.

Plaintiff has also filed two motions requesting the ability to review his medical files. Dkt. #52 and #67. These motions will be denied. Defendants' responses show that plaintiff has been permitted to review his medical file at least once, that defendants have sent him copies of relevant medical records and that he will be permitted another medical file review after Columbia Correctional Institution is no longer on lockdown. Plaintiff has provided no reason why he should be entitled to a medical file review while the prison is on lockdown. That being said, if plaintiff is unable to prepare a response to defendants' motion for summary judgment because of the ongoing lockdown, he should request an extension of his response deadline.

I will also deny plaintiff's motion regarding his mail. Dkt. #59. Plaintiff says that there have been delays in sending and receiving his legal and other mail, and that the delays are in retaliation for his lawsuits against prison staff. However, plaintiff has not shown that any delays have prejudiced his ability to litigate this case, and if plaintiff wants to pursue a

3

retaliation claim against mail room staff, he must do so in a separate lawsuit.

Finally, plaintiff filed a recent set of motions regarding discovery and the summary judgment deadline. He filed a motion to compel defendants to provide more complete responses to his requests for admissions. Dkt. #62. However, a review of defendants' responses shows that they are adequate and that plaintiff's objections amount to arguments over word choice and the merits of his claims. Therefore, I will deny the motion to compel. As for plaintiff's request to extend the summary judgment deadline because of discovery disputes and pending motions, dkt. #68 and #69, I will deny that motion as moot. The court has now resolved all of the pending motions and discovery requests.

ORDER

IT IS ORDERED that plaintiff Leighton D. Lindsey's motions to compel, dkt. ##37, 62, 63, for sanctions, dkt. #39, for access to the law library computers, dkt. #40, for an adequate law library, dkt. #42, for discovery extension, dkt. ##47, 64, 65, for medical file review, dkt. #52, 67, to receive mail, dkt. #59, and to stay summary judgment, dkt. #68, 69, are DENIED.

Entered this 2nd day of January, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge